THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SEVERO TORRES GUZMÁN, Defendant and Appellant.

No. 9665. Argued March 15, 1943.—Decided March 23, 1943.

*Severo Torres Guzmán, pro se,* appeared by brief. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Appellant was accused and convicted of the crime of murder and sentenced to the penalty of life imprisonment. He filed his notice of appeal within the term provided by

law, served notice thereof upon the district attorney, and alleging that he is insolvent, prayed that the court order the stenographer to prepare the transcript of the evidence *in forma pauperis*. On July 31, 1942, the District Court of Humacao issued the order prayed, fixing a 20-day term for its compliance.

The record of this case contains only the judgment roll, but not the transcript of the evidence.

The questions raised by appellant in his brief are:

■ 1st. That the penalty of life imprisonment imposed upon him is excessive for the reason that he has never been convicted of any other crime.

The verdict rendered by the jury in this case was "guilty of murder in the first degree." The trial court was not authorized to impose any other penalty than that of life imprisonment, which is the one provided by §202 of the Penal Code. The trial court did not err in imposing it.

■ 2d. That appellant does not remember if the lower court protected his constitutional rights for the reason that, being under treatment, he was unconscious.

The judgment roll shows that at the arraignment of the accused he was represented by his attorney, F. R. Aponte, appointed by the court. The arraignment took place on March 25, 1942, and the court set the trial of the case for the following April 23, thus giving the accused sufficient time to prepare his defense. We must presume that appellant's attorney duly complied with his duty of defending him. The record shows that the attorney was present at the trial and that he submitted to the court a set of instructions to be read to the jury. The accused's constitutional rights were duly protected.

The judgment appealed from must be affirmed.